UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

Ahmed Oubtrou,
Alien # **A79 690 554**

        *Plaintiff/Petitioner,*

-vs.-

John ASHCROFT, U.S. Attorney General;
Michael GARCIA, Assistant Secretary, U.S.
Immigration and Customs Enforcement;
Bruce CHADBOURNE, Boston Field Director,
U.S. Immigration and Customs Enforcement;
Andrea J. CABRAL, Suffolk County Sheriff,
Suffolk County, Massachusetts

        *Defendants/Respondents.*

---

Civil Docket No:

**04 10240 MLW**

Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Tel. 508-879-4443
Fax. 508-879-5444
BBO #567460

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (WITH TEMPORARY RESTRAINING ORDER)

PETITIONER/PLAINTIFF (Petitioner), Ahmed Oubtrou, by and through his undersigned counsel, hereby petitions this Honorable Court to issue a writ of habeas corpus to review his unlawful detention by the U.S.

1

Immigration and Customs Enforcement (ICE) and to enjoin his removal from the United States. Petitioner also files this action for declaratory and injunctive relief to protect his rights under both the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law. In support of this petition, Petitioner alleges as follows:

## CUSTODY

1. Upon information and belief, Petitioner is in the custody of the U.S. ICE at Suffolk County House of Corrections located in Boston, Massachusetts.

## EXHAUSTION

2. Petitioner has exhausted his administrative remedies and his only remedy is by way of this judicial action. Petitioner is presently held in the custody of the Respondents. Petitioner has requested release from custody from the Respondent Bruce Chadbourne but said request had been denied. It is well settled that exhaustion is not required if it would be futile. *See, e.g., American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1058 (9th Cir 1995) Furthermore, exhaustion is not required if there would be irreparable harm. *See, e.g., Richardson v. Reno*, F. Supp., 1998 WL 74229, *3 (S.D. Fla. February 13, 1998). Finally, exhaustion is not necessary where an agency's interpretation of a statute is clearly at odds with the statute's plain meaning. Id. The

Immigration and Nationality Act requires exhaustion of administrative remedies only where an alien seeks judicial review of an actual order of removal, not review of a custody decision. Accordingly, Petitioner has exhausted his administrative remedies.

3. No petition for a writ of habeas corpus has previously been filed in any court to review the detention and restraint complained of herein.

## JURISDICTION

4. This action arises under the Constitution, the Immigration and Nationality Act of 1952, as amended (the INA), 8 USC §1101 *et. seq.*, and the Administrative Procedure Act (the APA), 5 USC et. seq. This Court has habeas corpus jurisdiction pursuant to 28 USC §2241 *et. seq.; St. Cyr v. INS 121 S. Ct. 848, 69 USLW 3365 (U.S. 2001); Mattis v. Reno 212 F.3d 31 (1st Cir., 2000); Henderson v. Reno, 157 F.3d 106 (2d Cir. 1998) cert. den. sub. nom. Reno v. Navas,* March 8, 1999; Art. I, §9, Cl. 2 of the United States Constitution (the Suspension Clause); and the common law. This Court may also exercise jurisdiction pursuant to 28 USC § 1331 and may grant relief pursuant to the Declaratory Judgment Act, 28 USC §2201 et. seq., and the All Writs Act, 28 USC §1651. Finally, this Court has mandamus jurisdiction pursuant to 28 USC §1361.

## VENUE

5. Venue lies in the Boston District of Massachusetts, the judicial district where the Petitioner is detained. 28 USC §2241 et. seq. and 28 USC § 1391.

## PARTIES

6. Petitioner is a national of Morocco. He is detained at the Suffolk County House of Corrections in Boston, Massachusetts.

7. Respondent John Ashcroft is being sued in his official capacity as the United States Attorney General exercising authority over the Department of Justice, within which is located the Department of Homeland Security of which the Bureau of Immigration and Customs Enforcement is a part.

8. Respondent Michael Garcia is being sued in his official capacity as the Assistant Secretary for the U.S. Immigration and Customs Enforcement, which has the authority to investigate, arrest, detain, and remove non-citizens in the United States.

9. Respondent Bruce Chadbourne is being sued in his official capacity as Field Director of the Boston Office of the U.S. Immigration and Custom Enforcement. As such, he is the Department of Homeland Security designate for the Boston District, empowered to carry out the deportation order against the Petitioner. The Boston District encompasses Massachusetts, within which is found the Suffolk

County House of Corrections. Mr. Chadbourne has ordered the unlawful detention of the Petitioner at the Suffolk County House of Corrections in Boston, Massachusetts, which, upon information and belief, is under contract with the U.S. ICE.

10. Respondent Andrea J. Cabral is being sued in her official capacity as the Sheriff of Suffolk County wherein the Suffolk County House of Corrections is located. In this capacity, she is responsible for the physical custody of the Petitioner.

### FACTS

11. Petitioner is a native and citizen of Morocco. Prior to his recent arrest, Petitioner had not been subject to ICE detention. On December 30, 2003, Immigration Judge Eliza Klein granted Petitioner voluntary departure until March 17, 2004. Thus, Petitioner was given approximately 78 days to resolve any outstanding personal and financial matters prior to his leaving the United States at his own expense and on his own accord. Of course, the grant of voluntary departure presumed Petitioner's continuing freedom to address these matters.

12. On January 27, 2004, Petitioner was arrested by immigration officers from the Boston ICE office. These officers informed him that he was subject to immediate removal from the United States based on an

order of the Immigration Court from May 2003.

13. Petitioner immediately informed the immigration officers that in fact his removal case had been reopened, thus the order of May 2003 was null and void. He also informed him of the fact that Immigration Judge Klein had granted him voluntary departure and that he had until March 17, 2004 to leave the United States. Thus, he was not subject to any prior order of immediate removal. <u>Despite the fact that immigration officials confirmed the accuracy of this information, Respondents continue to detain the Petitioner.</u>

## RIGHT TO JUDICIAL INTERVENTION

14. The basis for this Court's habeas jurisdiction to review the Petitioner's claim is contained in 28 USC §2241, the general grant of habeas jurisdiction bestowed on the federal district courts, which neither the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), *Henderson v. INS*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub nom. Reno v. Navas*, March 8, 1999, nor the IIRAIRA eliminated or amended.

15. The Petitioner is also entitled to have his detention reviewed under the common law and as a matter of constitutional right The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. constitution, Art. I, §9, Cl. 2(Suspension Clause).

16. In the present action, the petitioner asserts that his detention by the Respondent is in violation of the Constitution, the Immigration and Nationality Act, and the Administrative Procedures Act.

## PETITIONER CANNOT FILE A PETITION FOR REVIEW

17. Because Petitioner accepted the terms of voluntary departure established by the Immigration Court and waived his right to appeal to the Board of Immigration Appeals, he is statutorily barred from judicial review by the Circuit Court.

## PETITIONER IS NOT A DANGER TO THE COMMUNITY AND IS NOT A FLIGHT RISK

18. This Petitioner's continued detention violates Section 241(c) of the Immigration and Nationality Act) "Detention, Release, and Removal of Aliens Ordered Removed". Although Petitioner has a criminal case pending involving a charge of assault and battery, he has been permitted his freedom during the pendency of that matter and has had no subsequent arrests.

## THE DISTRICT COURT HAS AUTHORITY TO ORDER PETITIONER'S RELEASE.

19. This District Court can properly exercise its authority and release Petitioner pending action on his removal case. Also a district court has

the inherent power to release a petitioner as ancillary relief pending habeas corpus proceedings, where the court has found both a substantial claim for relief and extraordinary circumstances warranting release. See e.g. Mapp v. Reno, CV-99-4240 (CFS) slip op. at 3-4 (E.D.N.Y. Oct. 5, 1 999)(citing cases).

Petitioner's arguments in this vein are as follows: (1) that a district court's inherent authority to release a habeas petitioner on bail does apply in the immigration context; and (2) that the district court can exercise deferential review, even though there was no final detention decision to which to defer.

With regard to the first point, this Court should not distinguish the cases as they relate to habeas proceedings brought by prisoners in the criminal context and those in the immigration context. Federal courts have recognized that federal courts possess inherent power under the common law to release petitioners on bail pending the resolution of a habeas petition. See Ostrer v. United States, 584 F.2d 594, 596 n.1 (2nd Cir. 1978), citing Johnston v. Marsh, 227 F.2d 528, 53 1(3rd Cir. 1955) (explaining that federal courts do have inherent authority to release prisoners pending the resolution of a habeas petition, while noting former controversy over this issue). In United

8

States ex re. Paetau v. Watkins, 164 F.2d 457, 460 (2d Cir. 1947), another habeas proceeding in the immigration context, this Court necessarily rejected the distinction between habeas authority in the criminal context, and habeas authority in the civil immigration context. Citing to court rules of habeas corpus used in the criminal context, this Court found that the district court did have the authority to release an immigrant pending the appeal of a denial of a habeas corpus petition challenging an order of deportation to Germany.

The power of district courts to set bail pending resolution of habeas corpus proceedings has been reaffirmed by federal courts in the immigration context. See e.g. United States ex rel. Potash v. District Director 169 F.2d 747, 752 (2d Cir. 1948) (upholding the district court's exercise of authority to release the immigrant pending the appeal of a denial of habeas corpus relief). See also Yanish v. Barber, 97 L.Ed. 1637, 73 Sup. Ct. 1105 (1953)(ordering release of immigrant on bail pending appeal of an order dismissing a petition for habeas corpus); United States ex rel. Beiftage v. Shaughnessy, 212 F.2d 128 (2d Cir. 1954)(noting that the district court released immigrant on bail pending appeal); Rubinstein v. Brownell, 206 F.2d 449 (D.C. Cir. 1953)(finding under principles of habeas corpus that an

9

immigrant was entitled to a preliminary injunction restraining the Government from revoking bail pending a proceeding to reopen an order of deportation), aff'd 346 U.S. 929 (1954); Tam v. INS, 14 F.Supp.2d 1184 (E.D.Cal. 1998).

### IMMIGRATION DETENTION MUST COMPORT WITH DUE PROCESS.

20. Immigration detention involves the deprivation of a fundamental liberty interest and must be closely scrutinized to ensure that it is narrowly tailored to serve a compelling state interest. See Reno v. Flores, 507 U.S. at 301-2 (1993) (setting forth the standard for evaluating deprivations of fundamental liberty interests and citing, inter alia, U.S. v. Salerno, 481 U.S. 739, 746 (1987)). Deferential review is appropriate only where an alien is challenging a discretionary denial of release by the Attorney General.

### IMMIGRATION DETENTION IMPLICATES AN ALIEN'S FUNDAMENTAL LIBERTY INTEREST IN BEING FREE FROM PHYSICAL INCARCERATION.

21. Freedom from physical restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992); see also U.S. v. Salerno, 481 U.S. 739, 755 (1987). This fundamental right applies to non-citizens as well whether they are in the country legally or illegally-- and is implicated by immigration detention pending deportation or removal proceedings.

See Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991) (even undocumented aliens have substantive due process right to be free of arbitrary confinement pending deportation proceedings), cert. dismissed nom. Doherty v. Barr, 503 U.S. 901 (1992). See Addington v. Texas, 441 U.S. 418, 425 (1979)(Commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.)(emphasis added)); Foucha v. Louisiana, 504 U.S. at 80(1992)(same); Harisiades v. Shaughnessy, 342 U.S. 580, 586 & n.9 (1952) (immigrants stand on equal footing with citizens under the Constitution in several respects, including the protection of personal liberty). Cf. Salerno, 481 U.S. at 748-749 (recognizing that in determining whether it comports with due process, a statute providing for pretrial detention must be evaluated in precisely the same manner as, inter alia, the detention of potentially dangerous resident aliens pending deportation proceedings.)

### DEFERENCE IS NOT WARRANTED MERELY BECAUSE ALIENS HAVE NO ABSOLUTE RIGHT TO RELEASE FROM IMMIGRATION DETENTION.

22. In its opposition to requests to the federal district courts for release from custody, the Government often maintains that release from civil immigration custody pending removal has always been a privilege and a matter of grace, not a right or a constitutional entitlement. Petitioner states that the lack of an absolute right to release from immigration detention does not make the liberty interest that it implicates any less fundamental. A fundamental liberty interest in freedom from bodily restraint never provides an absolute entitlement to be free. Even

11

citizens can be detained for non-punitive purposes pursuant to Congress' legitimate and reasonable regulatory goals, and under those circumstances have no absolute right to release. See Salerno, 481 U.S. at 746 (the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment) (citation omitted). Similarly, Congress may authorize detention to ensure the appearance of aliens at removal proceedings and to protect the community during the removal process. However, since a fundamental liberty interest is at stake, such detention must comport with due process. Traditional due process scrutiny requires that deprivations of fundamental liberty interests must be narrowly tailored to serve a compelling state interest. See Reno v. Flores, *507* U.S. at 301-2 (1993) (citing, inter alia Salerno, 481 U.S. at 746 (1987)).

The Fifth Amendment of the Constitution provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." The argument of the Respondents that resident aliens do not have the same rights as citizens of the United States may have some value only where certain categories of rights are concerned, but certainly not where substantive, or basic human rights (**"We hold all men to be created equal..."**) are concerned. The Supreme Court recognized long ago that deportable non-citizens, even those who are unlawfully present in the United States, are protected by the Constitution. *See:* **Sin Vip Honarey Tiv. et al. v. Janet Reno**, A.G., et al., No. 99 C 0872 (Pallmeyer, J.), U.S. District Court for the Northern District of Illinois, Eastern Division, Amended Petition for

12

Writ of Habeas Corpus (received 02/18/99).

The Associated Press reported on May 1, 1999, that the Honorable U.S. District Court Judge Mary Lisi (Providence, RI), after ordering the release of an alien who, as the Petitioner herein, had been held in detention by the I.N.S. According to the A.P., in The Providence Journal, Hon. Judge Lisi stated: "I find it incomprehensible that you can take a human being and keep them locked up for eternity", Judge Lisi told a lawyer for the INS. "I cannot ascribe to that reading of the Constitution."

In Hermanowski v. Farquharson, et al., C.A. No. 97-220L, In the U.S. District Court for the District of Rhode Island (decided March 1, 1999) - where a petitioner had multiple convictions (a "prolific ... criminal history"), the Court made a thorough examination of the considerations of due process, the interests of society, etc. which should be weighed against a person's constitutional rights, and it also noted that "Several federal district courts have also recently decided that indefinite detention may violate a deportable alien's due process rights." (at p. 12, , *citations omitted*). In Hermanowski, the Court concluded: "an alien's substantive due process rights can never be violated by detention pending deportation, ...". The Court determined that: "Hermanowski's continued detention violates his substantive due process right to be free from arbitrary restraint on his liberty, ..."

## IRREPARABLE HARM

23. Petitioner's continuing detention in light of his having been granted the privilege of voluntary departure, with presumption of continued physical freedom and the benefit of time to resolve his personal and financial matters before he departs the United States, is causing irreparable harm to him and his family. Indeed, without the benefit of his freedom, it is simply impossible for Petitioner to address the matters prior to his departing the United States and a significant benefit granted to him is lost.

24. If released, Petitioner will continue to prepare for his timely departure from the United States and will comport with the immigration and criminal laws of the United States until his departure.

## PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays this Honorable Court to grant the following relief:

(a)   Issue a writ of habeas corpus, directed to the Respondents, ordering the release immediately of Petitioner on his own recognizance, or on a reasonable bond; or

(b)   Grant any other and further relief that this Honorable Court may deem fit and proper.

Dated: February 4, 2004

Respectfully submitted,
Ahmed Oubtrou, by his attorney

_____
Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Tel. 508-879-4443
Fax. 508-879-5444
BBO# 567460

15

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the enclosed Petitioner's Petition for Writ of Habeas Corpus were served upon the following parties/persons/agencies by US Certified mail:


John ASHCROFT
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001


Michael GARCIA
Assistant Secretary for the
U.S. Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258


Bruce CHADBOURNE, Boston Field Director
Bureau of Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258


Andrea J. CABRAL, Suffolk County Sheriff
c/o Suffolk County House of Corrections
Attn: RECORDS
20 Bradston Street
Boston MA 02118

United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston MA 02210

Signed,

_____
Saher J. Macarius, Esq.
Attorney for Petitioner
21 Walsh Street
Framingham MA 01701
508-879-4443

Date: ___2/1/04___

17